JAMES KASH *v.* WILLIAM T. FITZPATRICK AND PATRICK LOONEY:

**Bailments—Leaving Property Without Instructions as to Ownership.**
The mere leaving of personal property with a bailee, will not invest him presumptively with ownership.

**Same.**
He would only hold a special property, so long as he held possession, and his special rights and responsibilities would end, when the property was taken from him by others than the bailor.

**Personal Property—Transfer of Same with Notice—Estoppel.**
An alleged owner of personal property, who is present and makes no objection to a transfer thereof by another party, is estopped from afterward setting up a claim thereto.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

April 23, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant brought separate suits against appellees to recover of the one a mare and of the other her colt, which were consolidated and tried together, being submitted by agreement to the same party. Verdict and judgment being for the defendants the plaintiff has appealed.

The mare was in possession of Confederate soldiers, who left her either at appellant's or his brother's, and afterwards Confederate soldiers took her away, but whether the same who had

left her does not appear other than inferentially, subsequently she came by purchase to appellee Fitzpatrick, who in the presence of appellant, without objection by him, traded her, but not the colt, to Looney. The mere leaving the mare with Kash or his brother invested neither presumptively with a general property, for the legal *prima facie* presumption would be that she was the property of the "Confederacy" then at war with the United States, and that the title was in either the one or the other government.

As the property was left by soldiers, the bailee undertook no special or general responsibility other than not to act fraudulent and convert the property to his own use, and when she was taken from him his bailment was at an end, whether by the same or other Confederate soldiers, but the presumption might be indulged, in the absence of all proof, that they were the same.

Whether, therefore, Kash was the bailee or purchased from his brother he only held a special property so long as he held possession, and as the possesion was without consent, or meritricious, his special rights and responsibilities ended when he lost possession without his own fault, if by his own fault he thereby valuntarily parted with it, and in either view he cannot recover. His presence when the mare was traded and making no objection is binding on his, whether he knew her or not, a man must know his own property or abide the equities which others may innocently acquire by reason thereof, this though probably might not bar him of a recovery only against the vendee Looney had he a legal title.

We think the instructions given contain no injurious and reversable error as to appellant, nor did the refusal to instruct as asked on his behalf. Wherefore, the judgment is *affirmed*.

*Holt, for appellant.*

*Turner, Reid & Reid, for appellee.*